IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEREK TAYLOR DOKER #49834, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-cv-00947 |
| | ) Judge Trauger |
| MONTGOMERY COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM

Plaintiff Derek Taylor Doker, an inmate incarcerated in the Montgomery County Jail in Clarksville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 alleging violation of his constitutional rights. The Complaint (ECF No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.    STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally

construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011). The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

## II. FACTUAL ALLEGATIONS

The plaintiff alleges that, as a wheelchair-bound inmate, from January through March of 2017, he was housed in a cell that was not handicapped accessible and did not have handrails. He alleges that during that time he fell, further injuring himself, and was denied physical therapy. (ECF No. 1, at 5.) He alleges that on May 25, 2017, he was moved to a cell that was contaminated with old feces and urine, and that he is required to eat in his cell within 5 feet from his toilet. (*Id.*) Finally, he alleges that when he arrived at the jail, he was never given any instruction about how to submit a medical grievance. (*Id.*)

## III. ANALYSIS

Although inmates retain a general right to petition the government for redress of grievances, *Turner v. Safley*, 482 U.S. 78, 84 (1987), they do not have an inherent constitutional right to any particular government-created grievance procedure or even to an effective grievance procedure. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (affirming dismissal of claim that jail staff ignored grievances because inmate "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure"). Accordingly, the plaintiff does not state a claim under § 1983 with regard to the lack of instruction about the jail's grievance system.

The Due Process Clause of the Fourteenth Amendment guarantees the same protections to pretrial detainees like the plaintiff that the Eighth Amendment guarantees to convicted inmates. *Miller v. Calhoun Cnty.*, 408F.3d 803, 812 (6th Cir. 2005). It thus protects against conditions of confinement that constitute serious health or safety threats, but not against those that cause mere discomfort or inconvenience. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). An inmate "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), *quoted in Thaddeus–X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). While prison conditions may be "restrictive and even harsh," they do not violate the constitution unless they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987) (per curiam). In the context of a conditions-of-confinement claim, only extreme deprivations can be

characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). For challenged jail conditions to qualify as extreme, they must have resulted in "the deprivation of [at least one] identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). The plaintiff's allegations about the lack of cleanliness in his cell do not rise to that level.

Further, in the Eighth Amendment context, "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994). Besides the long-standing legal requirement of an "injury" in case law concerning prisoner complaints, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the PLRA, a lawsuit brought by an institutionalized person requires a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury need not be significant, but it must be more than *de minimis* for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir.2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)). Even if the court presumes that the conditions as alleged by the plaintiff here caused an increased risk of disease and physical ailments, such risk has not been alleged to have resulted in actual physical harm as required to satisfy the PLRA. *See Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir.1996) (no Eighth Amendment violation based on allegations that prisoner was exposed for four days to raw sewage from an overflowed toilet in his cell); *Catanzaro v. Mich. Dep't of Corrs.*, No. 08–11173, 2009 WL 2154921, at *4 (E.D. Mich. July 14, 2009) ("[W]hile the

plaintiffs make generalized claims about unsanitary prison kitchen conditions, and assert that these conditions are likely to cause the spread of communicable diseases and assaults, they do not themselves establish that, as a result of allegedly unconstitutional prison conditions, they have been injured."). The plaintiff has not alleged any injury arising from the lack of sanitation of his cell or his having to eat in it, and has therefore failed to state a claim on that basis.

The plaintiff's claim about his being confined for months in a cell not equipped to address his needs while he was confined to a wheelchair, however, is more concerning. "As a society, we have grown increasingly sensitive to the need to accommodate individuals with disabilities," and courts have repeatedly found that the failure to provide handicap-accessible facilities to inmates may violate the constitution. *Stoudemire v. Michigan Dept. of Corr.*, 614 F. App'x 798, 803 (6th Cir. 2015) (quoting *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998)). The safety risks associated with confining a handicapped inmate in a cell not equipped for his needs has a level of "obviousness" sufficient to satisfy the objective and subjective elements of a claim for deliberate indifference. *Id.* at 803–04. The refusal to provide treatment for the injury the plaintiff allegedly suffered when that risk came to fruition – depending on the severity of the need for treatment, which the plaintiff does not describe – might also constitute deliberate indifference. But the plaintiff has not alleged sufficient facts to state a § 1983 claim for deliberate indifference against either of the defendants to his suit.

It is well established that a jail is not a "person" subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). The court will construe the plaintiff's claim to be against Montgomery

County itself, but he still does not state a § 1983 claim against Montgomery County, because he does not allege that his inadequate housing assignment or his lack of treatment were the result of any county policy or custom. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("The County may be held liable for [Plaintiff's] injuries only if those injuries were the result of an unconstitutional policy or custom of the County.").

Similarly, the plaintiff fails to state a claim against Correct Care Solutions, the entity that presumably contracts to provide medical care in the jail. Although a private corporation that performs a traditional state function acts under the color of state law for purposes of § 1983, it cannot be found liable solely on the basis of respondeat superior. *Thomas v. Coble*, 55 F. App'x 748, 748–49 (6th Cir. 2003). For the corporation to be liable, an inmate must prove that his injury was caused by an action taken pursuant to some official policy or custom. *Id.* at 749 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir.1996). The plaintiff does not allege that any policy or custom of Correct Care Solutions played any role in his cell assignment or his allegedly inadequate medical care.

The plaintiff's § 1983 claims for alleged constitutional violations will therefore be dismissed.[1] However, the court finds that the plaintiff states a colorable claim against Montgomery County under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, et seq. The ADA is applicable to state and local government entities, including prisons

---

[1] If the plaintiff wishes to allege additional facts supporting liability for Montgomery County or Correct Care Solutions, or to identify any individual(s) alleged to be responsible for his confinement in a non-handicap cell or the subsequent refusal to provide treatment for his injury, he is free to file an amended complaint, or to seek leave of court to amend his complaint more than 21 days after after a responsive pleading has been filed. Fed. R. Civ. P. 15(a) (allowing one amended pleading as a matter of course within 21 days of service or the filing of a responsive pleading, and by consent or upon leave of court thereafter); *see LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

and county jail facilities. *Tucker v. Tennessee*, 539 F.3d 526, 529 (6th Cir. 2008) (applying the ADA to a pretrial detainee's claims against a county jail facility). To establish a prima facie case under the ADA, a plaintiff must show that: (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participating in, being denied the benefits of, or being subjected to discrimination under the program solely because of his ability. *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). Given the liberal construction afforded to pro se complaints, and the requirement that the court construes all well-pleaded allegations in the light most favorable to the plaintiff, the court finds that plaintiff's allegations are sufficient to raise an ADA claim against the county. See 28 C.F.R. § 35.133(a) (requiring public entities to "maintain in operable working condition those features of facilities and equipment that are required to be readily accessible and usable by persons with disabilities" as provided for by the ADA or the regulations implementing the ADA); *see also Kutrip v. City of St. Louis*, 329 F. App'x. 683, (8th Cir. 2009) (denying summary judgment where facts issue remained on ADA claim regarding jail officials' denial of disabled-accessible shower and shower chair to obviously disabled inmate).

## IV.   CONCLUSION

For the reasons set forth above, process shall issue to Montgomery County on the plaintiff's claim for violation of Title II of the ADA. An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge